IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES THOMAS GREEN | § | |
| VS. | § | CIVIL ACTION NO. 1:19cv100 |
| REBECCA MALLET, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff James Thomas Green, a prisoner formerly confined at the Cotulla Unit located in Cotulla, Texas, proceeding *pro se*, brings the above-styled lawsuit.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Mail sent to plaintiff was returned to the court on August 8, 2022 as undeliverable. The mail return contained the notation "RTS discharged." Plaintiff's copy of the order was mailed to the last address he provided to the court. Plaintiff has failed to provide the court with his current address or information necessary to contact him.

FED. R. CIV. P. 41(b) authorizes the district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962). The orderly and expeditious disposition of cases requires that if a litigant's address changes, he has a duty to inform the court of the change.

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the court of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of

address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Shannon v. State of Louisiana*, 1988 WL 54768, No. 87-3951 (E.D. La. May 23, 1988) (quoting *Perkins v. King*, No. 84-3310, slip op. at *4 (5th Cir. May 19, 1985)); *see also Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (*per curiam*) (*pro se* plaintiff's case dismissed for failure to prosecute when he failed to keep the court apprised of his current address). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court. *Forney Engineering Co.*, 589 F.2d 243, 245 (5th Cir. 1979).

By failing to provide the court with his current address, plaintiff has failed to diligently prosecute this case. Accordingly, this case should be dismissed for want of prosecution pursuant to FED. R. CIV. P. 41(b).

<u>Recommendation</u>

The above-styled action should be dismissed without prejudice for want of prosecution.

<u>Objections</u>

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 14th day of September, 2022.

_____
Zack Hawthorn
United States Magistrate Judge